### UNITED STATES DISTRICT COURT FOR
### THE DISTRICT OF NEW MEXICO

SAHARA MOTEL NM INC, DBA
SAHARA MOTEL,

    Plaintiff,

v.                                                                             No.:

NORTHFIELD INSURANCE COMPANY,

    Defendant.

## NOTICE OF REMOVAL

Defendant Northfield Insurance Company ("Northfield") hereby gives notice of the removal to this Court pursuant to 28 U.S.C. §§ 1441, and 1446, of the above-captioned action, formerly pending in the District Court for the Second Judicial District, County of Bernalillo, State of New Mexico, as No. D-202-CV-2020-04404. Northfield files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in state or federal court. Northfield bases this removal on the following grounds:

**I.**    **THE COMPLAINT AND STATUS OF PROCEEDINGS IN STATE COURT.**

On July 30, 2020, Plaintiff Sahara Motel NM Inc., d/b/a Sahara Motel ("Sahara") filed its "Complaint for Negligence, Breach of Insurance Contract, Violation of the New Mexico Unfair Claims Practices Act, and Bad Faith Actions" in New Mexico State Court, naming Northfield as defendant. A copy of the Complaint is attached hereto as **Exhibit 1**. Northfield's Answer and its Unopposed Motion to Bifurcate Claims and Stay Discovery Regarding Extra-contractual Claims have since been filed in State Court, and a Stipulated Order Bifurcating Plaintiff's Contract Claim and Staying Discovery Regarding Extra-Contractual Claims has thereupon been entered. *See* **Exhibit 2** attached hereto.

On October 28, 2020, Northfield served its First Set of Interrogatories and Requests for Production to Plaintiff, *see* **Exhibit 3** attached in relevant part hereto, to which Sahara responded on December 14, 2020. Within its Answers and Objections to Defendant Northfield Insurance Company's First Set of Interrogatories and Requests for Production, Plaintiff admitted it would seek over $75,000 in damages. *See* **Exhibit 4** attached hereto. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b), because it is filed within thirty (30) days of the date of Northfield's receipt of Plaintiff's discovery responses.

Travelers files this Notice of Removal with this Court, and is filing a copy of the Notice of Removal in the Second Judicial District Court of the State of New Mexico and serving a copy upon counsel for Plaintiff, pursuant to 28 U.S.C. § 1446(d).

**II.      BASIS FOR JURISDICTION UNDER 28 U.S.C. §§ 1332(a) AND 1441.**

This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Northfield, and the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs. This action, therefore, may be removed to this Court pursuant to 28 U.S.C. § 1441.

**A.      The Citizenship of the Parties Is Completely Diverse.**

According to the allegations of the Complaint, Plaintiff Sahara is a New Mexico business with its principal place of business in Bernalillo County, New Mexico. Complaint ¶ 1. Plaintiff is, therefore, a citizen of New Mexico.

Plaintiff does not establish the citizenship of Defendant Northfield. Northfield Insurance Company is the company that issued the policy at issue in this case ("policy"). Northfield is a corporation organized under laws of the State of Iowa with its principal place of business in the State of Connecticut. Accordingly, Northfield is a citizen of Iowa and Connecticut for diversity

purposes. *See* 28 U.S.C. § 1332 (c)(1). Therefore, the controversy between Plaintiff and Northfield is between citizens of different states.

**B.     The Amount in Controversy Exceeds $75,000.**

Additionally, the amount in controversy exceeds the sum or value of $75,000 required to confer jurisdiction on this Court pursuant to 28 U.S.C. § 1332(a). District courts are not confined to the Complaint to establish the amount in controversy and may rely on other evidence as well. *See McPhail v. Deere & Company*, 529 F.3d 947, 956 (10th Cir. 2008). Pursuant to 28 U.S.C. § 1446(b)(3), if the case is not removable based on the initial pleadings, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Discovery responses are "other papers" under § 1446(b)(3). 28 U.S.C. § 1446(c)(3)(A) ("…information relating to the amount in controversy…in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)").

Here, the face of Plaintiff's Complaint does not pray for a specific amount of damages. Instead, Plaintiff alleges only "incredible damage due to a severe storm related event." Complaint, ¶ 11. Plaintiff further claims its public adjuster, All Star Public Adjusting, LLC, "recommended the full removal and replacement of the property's roofing system and other extensive repairs." *Id.* at ¶ 14. In its Answers to Northfield's Requests for Admission 1-7, however, Plaintiff confirmed in each Response that it believes its total damages to be greater than $75,000, and, more specifically, that: (1) it seeks to recover over $75,000 in total damages against Northfield arising from the allegations in the Complaint; (2) it seeks to recover over $75,000 in punitive damages alone from Northfield; and (3) the matter in controversy as outlined in the Complaint, exclusive of interest and costs, exceeds $75,000. *See* **Exhibit 4** at 9.

Because Plaintiff has alleged it suffered "incredible damage" and has itself stipulated that it seeks damages in excess of $75,000, the Court can reasonably conclude that the Plaintiff's verdict could exceed $75,000. The Court in *McPhail* explained that the defendant has the initial burden to establish, by a preponderance of the evidence, "jurisdictional facts that ma[k]e it possible that $75,000 [i]s in play." *Id.* at 955. If the defendant makes such a showing, then "the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum." *Id.* (citing *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006)). "If the amount is uncertain then there is a potential controversy, which is to say that at least $75,000 is in controversy in the case." *Id.* While Northfield disputes the claims raised in Plaintiff's Complaint, by Plaintiff's own admission and sworn discovery responses, the amount in controversy requirement of 28 U.S.C § 1332(a) is satisfied, and this case is appropriate for removal. Plaintiff's Answers were received on December 14, 2020, and therefore this timely Notice of Removal complies within the 30-day requirement set forth in 28 U.S.C. § 1446(b)(3).

WHEREFORE, Defendant Northfield requests that this Court assume full jurisdiction over this case as provided by law.

          MODRALL, SPERLING, ROEHL, HARRIS
            & SISK, P.A.

          By: */s/ Jennifer A. Noya*
              Jennifer A. Noya
              Sonya R. Burke
              Nicole T. Russell
              Post Office Box 2168
              Bank of America Centre, Suite 1000
              500 Fourth Street, N.W.
              Albuquerque, New Mexico  87103-2168
              Telephone: (505) 848-1800

*Attorneys for Defendant Northfield.*

WE HEREBY CERTIFY that on this 31st day of December, 2020, we filed

the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing:

>Jonathan L.R. Baeza
>MARTINEZ & MARTINEZ LAW FIRM, PLLC
>730 E. Yandell Dr.
>El Paso, Texas 79902
>915.514.100
>jonathan@martinezlawyers.com
>
>Derek L. Fadner
>MCCLENNY MOSELEY & ASSOCIATES, PLLC
>516 Heights Boulevard
>Houston, Texas 77007
>Email: Derek@mma-pllc.com
>
>*Attorneys for Plaintiff*

MODRALL, SPERLING, ROEHL, HARRIS
   & SISK, P.A.

By: */s/ Jennifer A. Noya*
      Jennifer A. Noya